

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-5005
Re: Prisoners serving fine out in jail and related matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"We would be pleased to have your opinion on the following:

"In the event a prisoner is placed in jail by a Justice of Peace to serve a jail sentence in lieu of a payment of the fine, could this prisoner be released by the sheriff without the arresting officer being advised?

"We have had several instances along these lines but failed to find any authority where the sheriff has the right to release the prisoner. Your early attention to this will be appreciated."

Article 1055, Vernon's Annotated Code of Criminal Procedure, reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shall issue his warrant on the County Treasurer
in favor of such officer to be paid out of the
Road and Bridge Fund or other funds not other-
wise appropriated. As amended Acts 1937, 45th
Leg., p. 1323, ch. 488, § 1; Acts 1939, 46th Leg.,
p. 143, § 1."

Articles 783, 787, 788, 789, 793, 794, 795, 797
and 920, Vernon's Annotated Texas Code of Criminal Procedure,
read as follows:

"Art. 783. (867) (845) As to fine

"When the defendant is only fined the judgment
shall be that the State of Texas recover of the
defendant the amount of such fine and all costs of
the prosecution, and that the defendant, if present,
be committed to jail until such fine and costs are
paid; or if the defendant be not present, that a
capias forthwith issue, commanding the sheriff to
arrest the defendant and commit him to jail until
such fine and costs are paid; also, that execution
may issue against the property of such defendant
for the amount of such fine and costs."

"Art. 787. (871) (849) Pay or jail

"When a judgment has been rendered against a
defendant for a pecuniary fine, if he is present,
he shall be imprisoned in jail until discharged
as provided by law. A certified copy of such judg-
ment shall be sufficient to authorize such impri-
sonment. (O. C. 694, 695.)"

"Art. 788. (872) (850) If defendant is absent

"When a pecuniary fine has been adjudged
against a defendant not present, a capias shall
forthwith be issued for his arrest. The sheriff
shall execute the same by placing the defendant
in jail."

"Art. 789. (873) (851) Capias shall recite what

"Where such capias issued, it shall state the
rendition and amount of the judgment and the amount

unpaid thereon, and command the sheriff to take
the defendant and place him in jail until the
amount due upon such judgment and the further
costs of collecting the same are paid, or until
the defendant is otherwise legally discharged.
(O. C. 700.)"

"Article 793. (876) (856)  Fine discharged

"When a defendant is convicted of a misde-
meanor and his punishment is assessed at a pe-
cuniary fine, if he is unable to pay the fine
and costs adjudged against him, he may for such
time as will satisfy the judgment be put to work
in the workhouse, or on the county farm, or pub-
lic improvements of the county, as provided in
the succeeding article, or if there be no such
workhouse, farm or improvements, he shall be impri-
soned in jail for a sufficient length of time to
discharge the full amount of fine and costs ad-
judged against him; rating such labor or imprison-
ment at Three Dollars ($3.00) for each day thereof.
As amended Acts 1927, 40th Leg., 1st C. S., p.
194, ch. 68, § 1; Acts 1934, 43rd Leg., 2nd C. S.,
p. 85, ch. 33, § 1."

"Art. 794.  To do manual labor

"Where the punishment assessed in a convic-
tion for misdemeanor is confinement in jail for
more than one day, or where in such conviction
the punishment is assessed only at a pecuniary
fine and the party so convicted is unable to pay
the fine and costs adjudged against him, those so
convicted shall be required to do manual labor in
accordance with the provisions of this article un-
der the following rules and regulations:

"1.  Each commissioners court may provide for
the erection of a workhouse and the establishment
of a county farm in connection therewith for the
purpose of utilizing the labor of said parties so
convicted.

"2.  Such farms and workhouses shall be under
the control and management of the commissioners

court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"3. Such overseers and guards may be employed under the authority of the commissioners court as may be necessary to prevent escapes and to enforce such labor, and they shall be paid out of the county treasury such compensation as said court may prescribe.

"4. Those so convicted shall be so guarded while at work as to prevent escape.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year.

"7. One who refuses to labor or is otherwise refractory or insubordinate may be punished by solitary confinement on bread and water or in such other manner as the commissioners court may direct.

"8. When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the commissioners court may prescribe.

"9. A female shall in no case be required to do manual labor except in the workhouse.

"10. One who from age, disease, or other physical or mental disability is unable to do manual labor shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged according to law. His inability to do manual labor may be determined by a physician appointed for that purpose by the county judge or the commissioners court, who shall be paid for such service such compensation as said court may allow.

"11. One convicted of a misdemeanor whose punishment either in whole or in part is imprisonment in jail may avoid manual labor by payment into the county treasury of one dollar for each day of the term of his imprisonment, and the receipt of the county treasurer to that effect shall be sufficient authority for the sheriff to detain him in jail without labor."

"Art. 795. (879) (857) Authority for imprisonment

"When, by the judgment of the court, a defendant is to be imprisoned in jail, a certified copy of such judgment shall be sufficient authority for the sheriff to place such defendant in jail."

"Art. 797. (881) (859) Discharge of defendant

"A defendant who has remained in jail the length of time required by the judgment shall be discharged. The sheriff shall return the copy of the judgment, or the capias under which the defendant was imprisoned, to the proper court, stating how it was executed."

"Art. 920. (1015) (980) Discharged from jail

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

This department has repeatedly held that when a final judgment of conviction is rendered in a misdemeanor case against a defendant it is the duty of the Sheriff or other officer to immediately collect the fine and costs or to place the defendant in jail. In other words, the statute means what it says, "pay or jail". We have likewise repeatedly held that an officer who releases a convicted misdemeanant prior to the misdemeanant's satisfaction of the judgment of conviction against him by payment or by jail or other authorized service would be guilty of allowing a prisoner to escape.

In Opinion No. 0-4924 of this department, we held, among other things, that the judgment of conviction in a misdemeanor case would authorize the Sheriff (or other officer) to proceed in the statutory methods of collection of the fine and costs and that no further orders from the Justice of the Peace were necessary. We enclose herewith a copy of said opinion which also discusses other matters which may be of assistance to you.

The answer to your question will depend upon whether or not the misdemeanant has satisfied the fine and costs adjudged against him. If the defendant pays his fine and costs in full or lays the same out in jail or serves the same out on the county farm or other authorized county project for the time required to fully discharge same, then it becomes the duty of the Sheriff to release the prisoner. The law does not require the Sheriff to notify anyone prior to such release.

However, if the fine and costs are unsatisfied, either in whole or in part, the Sheriff has no authority to release the prisoner. The prisoner must be held until the judgment is fully satisfied.

Very truly yours

ATTORNEY GENERAL OF TEXAS

Wm. J. Fanning
Assistant

APPROVED DEC 15, 1942

ATTORNEY GENERAL OF TEXAS

WJF:mp

